# EXHIBIT A

# PROMISSORY NOTE

$1,184,165.00 Dollars

June 9, 2006

     For value received, Craig Sirota, whose address is 950 Gage Lane, Lake Forest, Ill. 60045 (Borrower), hereby promises to pay to the order of SUPERIOR WHOLESALE PRODUCTS, INC., a Florida corporation, or its registered assigns ("Holder"), at its office at 2030 Douglas Road, Suite 209, Coral Gables, Fl. 33134 (or such other place as Holder may direct), the principal sum of One Million One Hundred Eighty Four Thousand One Hundred and Sixty Five Dollars ($1,184,165.00) (the "Loan"), on January 1st, 2007 (herein called the "Payment Date"), plus interest on said principal sum at a rate of eight percent (8%) per annum, such interest to accrue from the date hereof until payment of said principal sum has been made in full. The amount of interest to be paid on the daily outstanding balance of principal evidenced hereby shall be based upon a 360-day year for the number of days actually elapsed, but such rate of interest shall never exceed the maximum rate permitted by applicable law. On the Payment Date, the entire principal and all interest accrued thereon shall be due and payable in full to Holder.

     This Note is secured by a Blanket UCC-1 Filing (the "Collateral").

     This Note may be prepaid in whole or in part at any time without premium or penalty, upon at least 10 days prior notice to the Holder.

     At Holder's option, all sums advanced hereunder together with accrued interest thereon shall become immediately due and payable without notice or demand upon the occurrence of any of the following events of default: (a) insolvency of, business failure, appointment of a receiver of any part of the property of, assignment for the benefit of creditors by, or the commencement of any proceedings under any bankruptcy or insolvency laws by or against Borrower; (b) the occurrence of an event of default under any security agreement or instrument which secures or collateralizes this Note, for more than thirty (30) days, or, in the case of a default which cannot with due diligence and in good faith be cured within thirty (30) days, if the undersigned fails to commence the curing thereof within thirty (30) days after the occurrence of said default and thereafter to proceed promptly and with due diligence and in good faith to cure the same.

     Upon an event of default, Holder may, at its option and without notice (such notice being expressly waived), declare the Loan immediately due and payable, and Holder may pursue all rights and remedies available under this Note or under applicable law. If an event of default occurs, the total outstanding indebtedness shall bear interest at a rate of eighteen percent (18%) (the "Default Rate"). Holders rights, remedies and powers, as provided in this Note and any other documents or agreements among the parties, are cumulative and concurrent, and may be pursued singly, successively, or together against Borrower, and any guarantor, endorser, or surety, as applicable, and any other security given at any time to secure the payment hereof, all at the sole discretion of Holder.

MIA\CORPSEC\196206.1
25632/0001 5/3/00

1

Additionally, Holder may resort to every other right or remedy available at law or in equity without first exhausting the rights and remedies contained herein, all in Holder=s sole discretion. Failure of Holder, for any period of time or on more than one occasion, to exercise its option to accelerate the Payment Date shall not constitute a waiver of the right to exercise the same at any time during the continued existence of any event of default or any subsequent event of default.

If any attorney is engaged: (i) to collect any sums due hereunder, whether or not legal proceedings are thereafter instituted by Holder; (ii) to represent Holder in any bankruptcy, reorganization, receivership or other proceedings affecting creditors= rights and involving a claim under this Note; (iii) to protect the liens and security interests of Holder (iv) to foreclose on the Collateral; (v) to represent Holder in any other proceedings whatsoever in connection with the Loan evidenced hereby; or (vi) in connection with seeking an out-of-court workout or settlement of any of the foregoing, then Borrower shall pay to Holder all reasonable costs, attorneys= fees and expenses in connection therewith, in addition to all other amounts due hereunder.

This Note shall be governed by and construed in accordance with the laws of the State of Florida. The invalidity, illegality, or unenforceability of any provision of this Note shall not affect or impair the validity, legality or enforceability of the remainder of this Note, and to this end, the provisions of this Note are declared to be severable.

Borrower, and any guarantor, endorser, or surety of Borrower, as applicable, hereby waives presentment for payment, demand, notice of nonpayment, notice of dishonor, protest of any dishonor, notice of protest and protest of this Note, and all other notices in connection with the delivery, acceptance, performance, default or enforcement of the payment of this Note, and agrees that his/its respective liability shall be unconditional and without regard to the liability of any other party and shall not be in any manner affected by any indulgence, extension of time, renewal, waiver or modification granted or consented to by Holder. Borrower hereby consents to every extension of time, renewal, waiver or modification that may be granted by Holder with respect to the payment or other provisions of this Note, and to the release of any makers, endorsers, guarantors or sureties, and of any collateral given to secure the payment hereof, or any part hereof, with or without substitution, and agrees that additional makers, endorsers, guarantors or sureties may become parties hereto without notice to maker or to any endorser, guarantor or surety and without affecting the liability of any of them.

In no event whatsoever shall the amount of interest paid or agreed to be paid to Holder pursuant to this Note exceed the highest lawful rate of interest permissible under applicable law. If, from any circumstances whatsoever, fulfillment of any provision of this Note shall involve exceeding the lawful rate of interest which a court of competent jurisdiction may deem applicable hereto (<u>Excess Interest</u>), then ipso facto, the obligation to be fulfilled shall be reduced to the highest lawful rate of interest permissible under such law and if, for any reason whatsoever, Holder shall receive, as interest, an amount which would be deemed unlawful under such applicable law, such interest shall be applied to the principal hereof (whether or not due and payable), and not to the payment of interest, or refunded to Borrower if the Loan has been paid in full. Neither Borrower nor any guarantor, endorser, or surety, as applicable, shall have any action against Holder for any damages whatsoever arising out of the payment or collection of any such Excess Interest.

MIA\CORPSEC\196206.1
25632/0001 5/3/00

BORROWER AND HOLDER HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT EITHER MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY ACTION BASED HEREON OR ARISING HEREUNDER, OR PROCEEDING OR COUNTERCLAIM BASED ON, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE OR ANY OTHER DOCUMENT(S) EXECUTED IN CONNECTION WITH THIS NOTE, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN), OR ACTIONS OF ANY PARTY HERETO OR TO ANY OTHER DOCUMENT(S) EXECUTED IN CONNECTION WITH THIS NOTE. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BORROWER AND HOLDER TO ENTER INTO THE SUBJECT LOAN TRANSACTION. BORROWER AND HOLDER ALSO AGREE THAT MIAMI-DADE COUNTY, FLORIDA, IS THE PROPER VENUE FOR ANY AND ALL LEGAL PROCEEDINGS ARISING OUT OF THIS NOTE OR ANY OTHER DOCUMENT(S) EXECUTED IN CONNECTION HEREWITH.

IN WITNESS WHEREOF, Borrower has executed this Note as of the day first written above.

_____
Mr. Craig Sirota

STATE OF __Florida__
COUNTY OF __Miami-Dade__

The foregoing instrument was acknowledged before me this __09__ day of ~~May~~ __June__ 200~~8~~__6__, by ~~Gus Bohayna~~ __Craig Sirota__. He is personally known to me or has proved to me on the basis of satisfactory identification to be the person who executed this instrument.

_____
Notary Public
[Seal]

DIANA S CHOLAKOVA
MY COMMISSION # DD472211
EXPIRES: Sept. 15, 2009
(407) 398-0153   Florida Notary Service.com

3