# EXHIBIT B

**ASSIGNMENT OF AGREEMENT AND PROMISSORY NOTE**

ASSIGNMENT OF AGREEMENT AND PROMISSORY NOTE, made and entered into this 3rd day of January, 2009, by and between SUPERIOR WHOLESALE PRODUCTS, Inc a Florida Corporation hereinafter referred to as "Assignor", and STRATEGIC BUSINESS GROUP a Panamanian Corporation with offices in Santo Domingo, Dominican Republic, hereinafter referred to as "Assignee".

**W I T N E S S E T H :**

**WHEREAS**, the Assignor is the owner of an Agreement and Promissory Note attached hereto as Exhibit "A" (the "Consideration"); and

**WHEREAS**, Assignee has purchased and has been duly assigned a Note in favor of Caldas Hill Investment in the amount of $750,000 due and payable by Assignor to Caldas Hill Investment attached hereto as Exhibit "B" (the "Note"); and

**WHEREAS**, Assignor desires to transfer and assign all of its right, title and interest in the consideration detailed on exhibit A as partial payment against the note to the Assignee; and

**WHEREAS**, the Assignee desires to assume the consideration; and

**WHEREAS**, the Assignee agrees to partially apply the consideration against sums due and owing by assignor under the Note.

**WHEREAS**, the Assignee and the Assignor agree that the amount of consideration under this assignment will be in the amount of $100,000.00 [ONE HUNDRED THOUSAND DOLLARS].

**NOW, THEREFORE**, for and in consideration of the mutual covenants herein contained and other good and valuable consideration, the adequacy and receipt of which are hereby acknowledged, the parties hereto acknowledge and agree to the following:

1. **Recitals**. The foregoing recitals are incorporated herein by reference and made a part hereof.

2. **Assignment**. Assignor hereby assigns to Assignee any and all right, title and interest in the Agreement and Promissory Note listed on Exhibit A attached.

3. **Acceptance and Assumption**. The Assignee hereby accepts and assumes as partial payment in the amount of $100,000.00 [ONE HUNDRED THOUSAND DOLLARS] the Agreement and Promissory Note listed on Exhibit A attached .

**IN WITNESS WHEREOF**, the parties have hereunto set their hands and seals as of the date first written above.

**SUPERIOR WHOLESALE PRODUCTS, INC.**
**ASSIGNOR**

As President
By: Robert Roque

**STRATEGIC BUSINESS GROUP**
**ASSIGNEE:**

As President
By Victoria Bautista

**NOTARY PUBLIC:**

**YO, LICENCIADO JUAN ANTONIO HERNANDEZ DIAZ,** Abogado Notario Publico de los del Numero para el Distrito Nacional, matricula del Colegio de Notarios No. 1262, **CERTIFICO Y DOY FE:** Que las firmas que anteceden de los señores **ROBERT ROQUE** y **VICTORIA BAUTISTA,** cuyas generales constan han sido puestas libre y voluntariamente en mi presencia, declarandome los mismos que son las que utilizan en todas sus actuaciones publicas y privadas, por lo que debe darsele entera fe. En la ciudad de Santo Domingo, capital de la Republica Dominicana, a los tres (3) días del mes de enero del nueve (2009).

**LICDO. JUAN ANTONIO HERNANDEZ DIAZ**
Notario Publico

## AGREEMENT

**THIS AGREEMENT** ("Agreement") is made and entered into this 14th day of June 2006 by and between Mr. Craig Sirota 950 Gage Ln, Lake Forest, Illinois 60045 ("Sirota"), and Superior Wholesale Products, Inc. 2030 Douglas Road Suite #209, Coral Gables, Fl. 33134 ( "Superior").

**WITNESSETH:**

**WHEREAS**, the Sirota has an interest in the companies detailed below: (the "Companies");

Duendes Trading, a Panamanian Company

Niche Leisure Holdings Corp. a Florida Corporation

Plastisource USA, a Florida Corporation

and

**WHEREAS**, Companies have purchased from Superior on extended terms Prime Virgin PET Plastic Resins. Below is a detail of the balances owed by Companies.

| | |
|---|---|
| Duendes Trading | $ 710,600.00 |
| Niche Leisure Holdings | $ 192,565.00 |
| Plastisource USA Corp | $ 281,000.00 |

and

**WHEREAS**, Companies have been unable to pay Superior the balances due because of several logistical issues that have come up in Brazil where goods were delivered by Superior to Companies, and

**WHEREAS**, Sirota executed a Note on June 9th, 2006 in favor of Superior in the amount of $1,184,165.00 (Note).

**WHEREAS**, Companies have inventory of Prime Virgin PET Plastic Resins stored in Brazil ("Inventory").

**NOW, THEREFORE**, in consideration of the mutual promises set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto hereby agree as follows:

1. Recitals. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. Transaction and Consideration:. In exchange for the "Consideration" (as hereinafter defined) and subject to the other terms and conditions hereinafter set forth, Sirota acknowledges having executed Note and in exchange, Superior has granted an extension of payment terms to companies (Consideration). As further inducement for Superior to enter into Note with Sirota, Sirota agrees to have companies pledge sufficient Inventory to collateralize Superior on a one-one basis as additional collateral on Note. Sirota agrees to contact, coordinate, and negotiate as needed with parties in Brazil to have a collateral agreement satisfactory to Superior executed in a reasonable amount of time by companies and the warehouse(s) that control the Inventory. Superior will prepare and submit to Sirota a collateral agreement in both English and Portugese so that one of the 2 versions can be signed by the individual with the appropriate authority in the warehouse where the Inventory will be held as additional collateral for Superior. This agreement will prohibit both Companies and the warehouse from releasing Inventory until



Superior releases in writing that Inventory back to Companies or those that Companies might designate in writing to Superior.

3. Entire Agreement. This Agreement sets forth all the promises, covenants, agreements, conditions and understandings between the parties hereto with respect to the subject matter contained herein, and supersedes all prior and contemporaneous agreements, understandings, inducements or conditions with respect to said subject matter, expressed or implied, oral or written, except as herein contained.

4. Binding Effect; No Assignment. This Agreement shall be binding upon the parties hereto, their heirs, administrators, successors and assigns. No party may assign or transfer its interests herein, or delegate its duties hereunder, without the written consent of the other party. Any assignment or delegation of duties in violation of this provision shall be null and void.

5. Amendment. The parties hereby irrevocably agree that no attempted amendment, modification, termination, discharge or change (collectively, "Amendment") of this Agreement shall be valid and effective, unless the parties shall unanimously agree in writing to such Amendment.

11. No Waiver. No waiver of any provision of this Agreement shall be effective unless it is in writing and signed by the party against whom it is asserted, and any such written waiver shall only be applicable to the specific instance to which it relates and shall not be deemed to be a continuing or future waiver.

12. Gender and Use of Singular and Plural. All pronouns shall be deemed to refer to the masculine, feminine, neuter, singular or plural, as the identity of the party or parties, or their personal representatives, successors and assigns may require.

13. Counterparts. This Agreement and any amendments may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together will constitute one and the same instrument.

14. Headings. The article and section headings contained in this Agreement are inserted for convenience only and shall not affect in any way the meaning or interpretation of the Agreement.

15. Governing Law. This Agreement shall be construed in accordance with the laws of the State of Florida and any proceeding arising between the parties in any manner pertaining or related to this Agreement shall, to the extent permitted by law, be held in Miami-Dade County, Florida.

16. Further Assurances. The parties hereto will execute and deliver such further instruments and do such further acts and things as may be reasonably required to carry out the intent and purposes of this Agreement.

17. No Third Party Beneficiary. This Agreement is made solely and specifically among and for the benefit of the parties hereto, and their respective successors and assigns subject to the express provisions hereof relating to successors and assigns.

18. Provisions Severable. This Agreement is intended to be performed in accordance with, and only to the extent permitted by, all applicable laws, ordinances, rules, and regulations of the jurisdiction in which the parties do business. If any provision of this Agreement, or the application thereof to any person or circumstances shall, for any reason or to any extent, be invalid or unenforceable, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected thereby, but rather shall be enforced to the greatest extent permitted by law.

19. Litigation. If any party hereto is required to engage in litigation against any other party hereto, either as plaintiff or as defendant, in order to enforce or defend any rights under this Agreement, and such litigation results in a final judgment in favor of such party ("Prevailing Party"), then the party or parties against whom said final judgment is obtained shall reimburse the Prevailing Party for all direct, indirect or incidental expenses incurred, including, but not limited to, all attorneys' fees, court costs and



other expenses incurred throughout all negotiations, trials or appeals undertaken in order to enforce the Prevailing Party's rights hereunder.

20. Representation by All Parties. All Parties hereby represents and warrants that he is not a party to any agreement, contract or understanding, whether of employment or otherwise, which would in any way restrict or prohibit him from undertaking or performing of the provisions of this agreement with the Company in accordance with the terms and conditions of this Agreement

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first above written.

Date: 6/15/02

Craig Sirota

By: [signature]

Name: Mr. Craig Sirota

Date: 6/13/06

Superior Wholesale Products, Inc.

By: [signature]

Name: Mr. Robert Roque, President

**PROMISSORY NOTE**

$1,184,165.00 Dollars June 9, 2006

For value received, Craig Sirota, whose address is 950 Gage Lane, Lake Forest, Ill. 60045 (Borrower), hereby promises to pay to the order of SUPERIOR WHOLESALE PRODUCTS, INC., a Florida corporation, or its registered assigns ("Holder"), at its office at 2030 Douglas Road, Suite 209, Coral Gables, Fl. 33134 (or such other place as Holder may direct), the principal sum of One Million One Hundred Eighty Four Thousand One Hundred and Sixty Five Dollars ($1,184,165.00) (the "Loan"), on January 1st, 2007 (herein called the "Payment Date"), plus interest on said principal sum at a rate of eight percent (8%) per annum, such interest to accrue from the date hereof until payment of said principal sum has been made in full. The amount of interest to be paid on the daily outstanding balance of principal evidenced hereby shall be based upon a 360-day year for the number of days actually elapsed, but such rate of interest shall never exceed the maximum rate permitted by applicable law. On the Payment Date, the entire principal and all interest accrued thereon shall be due and payable in full to Holder.

This Note is secured by a Blanket UCC-1 Filing (the "Collateral").

This Note may be prepaid in whole or in part at any time without premium or penalty, upon at least 10 days prior notice to the Holder.

At Holder's option, all sums advanced hereunder together with accrued interest thereon shall become immediately due and payable without notice or demand upon the occurrence of any of the following events of default: (a) insolvency of, business failure, appointment of a receiver of any part of the property of, assignment for the benefit of creditors by, or the commencement of any proceedings under any bankruptcy or insolvency laws by or against Borrower; (b) the occurrence of an event of default under any security agreement or instrument which secures or collateralizes this Note, for more than thirty (30) days, or, in the case of a default which cannot with due diligence and in good faith be cured within thirty (30) days, if the undersigned fails to commence the curing thereof within thirty (30) days after the occurrence of said default and thereafter to proceed promptly and with due diligence and in good faith to cure the same.

Upon an event of default, Holder may, at its option and without notice (such notice being expressly waived), declare the Loan immediately due and payable, and Holder may pursue all rights and remedies available under this Note or under applicable law. If an event of default occurs, the total outstanding indebtedness shall bear interest at a rate of eighteen percent (18%) (the "Default Rate"). Holders rights, remedies and powers, as provided in this Note and any other documents or agreements among the parties, are cumulative and concurrent, and may be pursued singly, successively, or together against Borrower, and any guarantor, endorser, or surety, as applicable, and any other security given at any time to secure the payment hereof, all at the sole discretion of Holder.

Additionally, Holder may resort to every other right or remedy available at law or in equity without first exhausting the rights and remedies contained herein, all in Holder=s sole discretion. Failure of Holder, for any period of time or on more than one occasion, to exercise its option to accelerate the Payment Date shall not constitute a waiver of the right to exercise the same at any time during the continued existence of any event of default or any subsequent event of default.

If any attorney is engaged: (i) to collect any sums due hereunder, whether or not legal proceedings are thereafter instituted by Holder; (ii) to represent Holder in any bankruptcy, reorganization, receivership or other proceedings affecting creditors= rights and involving a claim under this Note; (iii) to protect the liens and security interests of Holder (iv) to foreclose on the Collateral; (v) to represent Holder in any other proceedings whatsoever in connection with the Loan evidenced hereby; or (vi) in connection with seeking an out-of-court workout or settlement of any of the foregoing, then Borrower shall pay to Holder all reasonable costs, attorneys= fees and expenses in connection therewith, in addition to all other amounts due hereunder.

This Note shall be governed by and construed in accordance with the laws of the State of Florida. The invalidity, illegality, or unenforceability of any provision of this Note shall not affect or impair the validity, legality or enforceability of the remainder of this Note, and to this end, the provisions of this Note are declared to be severable.

Borrower, and any guarantor, endorser, or surety of Borrower, as applicable, hereby waives presentment for payment, demand, notice of nonpayment, notice of dishonor, protest of any dishonor, notice of protest and protest of this Note, and all other notices in connection with the delivery, acceptance, performance, default or enforcement of the payment of this Note, and agrees that his/its respective liability shall be unconditional and without regard to the liability of any other party and shall not be in any manner affected by any indulgence, extension of time, renewal, waiver or modification granted or consented to by Holder. Borrower hereby consents to every extension of time, renewal, waiver or modification that may be granted by Holder with respect to the payment or other provisions of this Note, and to the release of any makers, endorsers, guarantors or sureties, and of any collateral given to secure the payment hereof, or any part hereof, with or without substitution, and agrees that additional makers, endorsers, guarantors or sureties may become parties hereto without notice to maker or to any endorser, guarantor or surety and without affecting the liability of any of them.

In no event whatsoever shall the amount of interest paid or agreed to be paid to Holder pursuant to this Note exceed the highest lawful rate of interest permissible under applicable law. If, from any circumstances whatsoever, fulfillment of any provision of this Note shall involve exceeding the lawful rate of interest which a court of competent jurisdiction may deem applicable hereto (Excess Interest), then ipso facto, the obligation to be fulfilled shall be reduced to the highest lawful rate of interest permissible under such law and if, for any reason whatsoever, Holder shall receive, as interest, an amount which would be deemed unlawful under such applicable law, such interest shall be applied to the principal hereof (whether or not due and payable), and not to the payment of interest, or refunded to Borrower if the Loan has been paid in full. Neither Borrower nor any guarantor, endorser, or surety, as applicable, shall have any action against Holder for any damages whatsoever arising out of the payment or collection of any such Excess Interest.

BORROWER AND HOLDER HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT EITHER MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY ACTION BASED HEREON OR ARISING HEREUNDER, OR PROCEEDING OR COUNTERCLAIM BASED ON, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE OR ANY OTHER DOCUMENT(S) EXECUTED IN CONNECTION WITH THIS NOTE, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN), OR ACTIONS OF ANY PARTY HERETO OR TO ANY OTHER DOCUMENT(S) EXECUTED IN CONNECTION WITH THIS NOTE. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BORROWER AND HOLDER TO ENTER INTO THE SUBJECT LOAN TRANSACTION. BORROWER AND HOLDER ALSO AGREE THAT MIAMI-DADE COUNTY, FLORIDA, IS THE PROPER VENUE FOR ANY AND ALL LEGAL PROCEEDINGS ARISING OUT OF THIS NOTE OR ANY OTHER DOCUMENT(S) EXECUTED IN CONNECTION HEREWITH.

IN WITNESS WHEREOF, Borrower has executed this Note as of the day first written above.

[signature]
Mr. Craig Sirota

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

The foregoing instrument was acknowledged before me this 09 day of ~~May~~ June 2006, by ~~Gus Rebayne~~ CRAIG SIROTA. He is personally known to me or has proved to me on the basis of satisfactory identification to be the person who executed this instrument.

[signature] Cholakova
Notary Public
[Seal]

DIANA S CHOLAKOVA
MY COMMISSION # DD472211
EXPIRES: Sept. 15, 2009
(407) 398-0153 Florida Notary Service.com



MIA1\CORPSEC\196206.1
25632/0001 5/3/00