UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STRATEGIC BUSINESS GROUP,

    Plaintiffs,

vs.                                            CASE NO. 11-21770-CIV-UNGARO

CRAIG SIROTA,                      Magistrate Judge Torres

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CRAIG SIROTA, responds to the Complaint of Plaintiff, STRATEGIC BUSINESS GROUP, as follows:

### ANSWER

1.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 of the Complaint and therefore denies them.

2.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2 of the Complaint and therefore denies them.

3.    Admitted.

4.    Denied.

5.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5 of the Complaint and therefore denies them.

6.    Denied.

### Count - I
### Breach of Promissory Note

7.    Defendant re-alleges and re-avers his responses to paragraph 1 through 6 of the Complaint as if fully set forth herein.

8. Admitted.

9. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9 of the Complaint and therefore denies them.

10. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10 of the Complaint and therefore denies them.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

Defendant denies each and every other allegation of the Complaint not specifically admitted heretofore.

WHEREFORE, Defendants prays that judgment be entered in his favor and against the Plaintiff, that the Defendant be awarded his costs and attorneys' fees, and that the Court grant such other relief to the Defendant as is just and proper.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which any relief can be granted.

2. The subject Note was given as an accommodation to Superior Wholesale Products, Inc. to obtain financing from third parties and to secure the financial obligations of three companies referenced in the Agreement dated June 14, 2006 attached to the Complaint. The three companies have not been joined in this proceeding and are necessary and indispensable parties in this proceeding.

3. The subject Note was given as an accommodation to Superior Wholesale Products, Inc. to obtain financing from third parties and to conditionally secure the financial obligations of three companies referenced in the Agreement dated June 14, 2006. Plaintiff has

failed to exhaust its remedies and collection efforts against the three companies.

4. The Note has been fully satisfied by payment or otherwise.

5. Any amount due under the Note must be reduced or set off by the amounts collected from the three companies referenced in the Agreement dated June 14, 2006.

6. Plaintiff has failed to mitigate its damages.

7. Plaintiff is not a holder in due course of the subject Note.

8. Defendant's obligation under Note has been discharged by the cancellation of the underlying repayment obligations owed by the three companies referenced in the Agreement dated June 14, 2006.

9. Defendant's obligation under Note has been discharged by the impairment of the underlying repayment obligations of the three companies referenced in the Agreement dated June 14, 2006.

10. The Note is a conditional guarantee. The obligation of Defendant under the Note is conditional and requires the holder to make a diligent effort to collect from the three companies referenced in the Agreement dated June 14, 2006, who are the primary obligors of the indebtedness. Plaintiff has failed to make a diligent effort to collect the amount owed from the three companies, which precludes any claim on or under the Note.

11. The claim asserted against the Defendant is barred by the statute of limitations and/or the doctrine of laches.

12. The claim asserted against the Defendant is barred by the doctrine of waiver.

13. The claim asserted against the Defendant is barred by the doctrine of estoppel.

14. The Note was given for a special purpose and not for the purposes of transferring the property in the instrument.

15. The Note is unenforceable as a result of the prior material breach of the

Agreement dated June 14, 2006 by the original holder of the Note, Superior Wholesale Products, Inc.

WHEREFORE, Defendant prays that judgment be entered in his favor and against the Plaintiff, that the Defendant be awarded his costs and attorneys' fees, and that the Court grant such other relief to the Defendant as is just and proper.

Date:  August 12, 2011                    Respectfully submitted,

> s/ Brian J. Stack
> Brian J. Stack (Fla. Bar No. 0476234)
> E-mail:  bstack@stackfernandez.com
> **STACK FERNANDEZ ANDERSON**
>   **& HARRIS, P.A.**
> Suite 950
> 1200 Brickell Avenue
> Miami, Florida 33131
> Tel.:  305.371.0001
> Fax:  305.371.0002
> *Attorneys for Defendant, Craig Sirota*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> By:  s/  Brian J. Stack
>      Brian J. Stack
>      Fla. Bar No. 0476234

## SERVICE LIST
*Strategic Business Group*
Case No. 11-21770-CIV-Ungaro/Torres

4

United States District Court, Southern District of Florida

Paul L. Orshan, Esq.
Email: paul@orshanpa.com
PAUL L. ORSHAN, P.A.
2506 Ponce de Leon Boulevard
Coral Gables, FL 33134
Phone: 305-529-9380
Fax: 305-402-0777
*Attorneys for Plaintiff*

**(via CM/ECF)**